IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOEL AARON SILBERMANN,   *

Plaintiff,   *

v   *   Civil Action No. GJH-15-2318

AMERICAN SOIL   *

Defendant.   *

***

## MEMORANDUM OPINION

Joel Aaron Silbermann, a self-represented plaintiff, filed this Complaint on August 7, 2015, accompanied by a Motion to Proceed in Forma Pauperis.[1] The Court will direct the Clerk to amend the name of the Defendant to reflect what is written on the Complaint, "The Common People by law and right, this is not an [sic] form." Silbermann will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) because his financial affidavit indicates that his only source of income is disability payments.

Silbermann's statement of the facts reads:

> Whereas you are named suit for my reproductive rights. You are putting products in the food and drink which causes testicular pain. Pay my medical bills and for my suffering it is vitimine B

(Complaint, ECF 1, p. 2). Silbermann seeks damages of $900 million and an injunction ordering "the further use of this product." (Complaint, ECF 1, p. 3).

Silbermann's Complaint has been accepted for filing under 28 U.S.C. 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against abuse of this privilege, a court must screen and dismiss claims deemed

---

[1] Since August 6, 2015, Silbermann has filed eight civil actions in this Court.

frivolous, malicious or that fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I and (ii).

A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.*, 490 U.S. at 327. It lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.*, 490 U.S. at 327–28.

In screening the Complaint, a federal judge has an obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The self-represented plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

Even under the liberal standard accorded to self-represented litigants, Silbermann does not state a cognizable claim, nor does he explain why he is pursuing an action against Defendant in this Court. Accordingly, the undersigned deems it appropriate to dismiss this case by separate Order to follow, pursuant to 28 U.S.C. § 1915(e)(2)(ii).

10/6/2015
Date

George J. Hazel
United States District Judge.

2